IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs, May 18, 2007

## STATE OF TENNESSEE, In re: DANNY RAY MEEKS, v. CLAUDIA BONNYMAN

**Direct Appeal from the Circuit Court for Davidson County**
**No. 06C-2106     Hon. Barbara Haynes, Judge**

_____

**No. M2006-02657-COA-R3-CV - Filed on July 11, 2007**

_____

Petitioner brought an action for mandamus in Circuit Court.  The Trial Court dismissed the Petition on the grounds that petitioner did not meet the statutory requirements for maintaining an action.  On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Danny Ray Meeks, Only, Tennessee, *pro se.*

Mark Alexis Hudson, Nashville, Tennessee, for Appellee.

### OPINION

### Background

Petitioner, *pro se,* filed a Petition in the Form of a Writ of Mandamus in the Circuit Court, asking the court to direct defendant Chancellor to enter a decision in his lawsuit against the Board of Paroles, which he claimed was pending in the Chancery Court for Davidson County.  He attached several documents to the Petition.

Among the documents were Orders issued by the Chancellor to the effect that the Board of Paroles was directed to file a record regarding petitioner's parole to determine if there was a factual basis to justify a parole deferral.  Also attached was an Order by the Chancellor which stated the petitioner had sued for an earlier parole hearing and that an earlier hearing had been

granted to petitioner in August 2005.

Petitioner attached his Motion for the Court to Modify the Order, asking the Court to allow him to file a petition to seek judicial review, even though the court costs had not been paid. He also attached a letter from the Davidson County Court Clerk stating that the office had returned his Petition unfiled, because pursuant to Tenn. Code Ann. § 41-21-812, no new lawsuit could be filed by an inmate until outstanding court costs were paid, and that his court costs were still outstanding.

The Trial Court entered an Order on August 17, 2006 regarding the mandamus petition, stating that petitioner had failed to comply with the requirements of Tenn. Code Ann. §41-21-801 *et seq*., by failing to file a pauper's oath, failing to file the required inmate affidavit pursuant to Tenn. Code Ann. §41-21-805, and failing to make a partial payment of the filing fee as required by Tenn. Code Ann. §41-21-807. The Court gave the petitioner 20 days to comply with these requirements or his petition would be dismissed. A second Order was entered on September 11, 2006, dismissing the petition because the requirements of Tenn. Code Ann. §41-21-801 *et seq*. had not been met, and taxed the costs to the petitioner.

Petitioner filed a Motion for Relief from the Judgment Pursuant to Tenn. R. Civ. P. 60.02(5), which was overruled.

The issue presented by the petitioner on appeal is whether the Trial Court should have issued the mandamus or in the alternative granted the relief sought from the judgment?

Petitioner contends the Circuit Court erred in failing to issue the mandamus and states that by filing his mandamus petition, he was trying to get the Chancery Court to stop withdrawing monies from his prison account for the payment of court costs which he did not owe. He further argues that this has since been accomplished by the issuance of an order by the Chancellor (entered after his mandamus petition was filed). He now apparently seeks a reversal of the assessment of costs against him by the Circuit Court, regarding his mandamus petition.

As this Court has stated:

> The taxing of and assessing of costs by the trial court, along with fees for proceedings such as we had in this case, rests in the discretion of the trial court. We consider it on appeal without any presumption of correctness, examining the manner in which it was done to ascertain as to whether or not in the opinion of this court, based upon this record, the trial court did or did not abuse its discretion.

*Long v. Long*, 957 S.W.2d 825, 833-834 (Tenn. Ct. App. 1997).

We have further explained:

Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to propriety of the decision made." *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000). A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999). The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998).

*Buss-Flinn v. Flinn*, 121 S.W.3d 383, 390 (Tenn. Ct. App. 2003).

Petitioner has failed to show the Trial Court abused its discretion in assessing costs in the mandamus action to petitioner. Petitioner filed the Petition knowingly and voluntarily, and failed to file the required accompanying documents pursuant to Tenn. Code Ann. §41-21-801 *et seq.*, although the Trial Court gave him additional time within which to comply. Petitioner has failed to show the assessment of costs was improper, or that the Trial Court applied an incorrect legal standard or reached a decision against logic or reasoning. We find this issue without merit, and we affirm the Judgment of the Trial Court and remand with the cost of appeal assessed to Danny Ray Meeks.

_____
HERSCHEL PICKENS FRANKS, P.J.
